UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 6:24-cr-154-JA-LHP

JOHN MCCOY

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

The United States of America, having consulted with the U.S. Probation Office, does not oppose the defendant John McCoy's *pro se* motion for early termination of supervised release, Doc. 29, for the reasons stated below.

## I. BACKGROUND

On July 30, 2024, the defendant pleaded guilty to theft of government funds, in violation of 18 U.S.C. § 641. Doc. 17. The defendant was sentenced to time served with a term of supervised release of three years to follow on November 13, 2024. Doc. 27. The defendant's supervised release is set to expire on November 14, 2027. *Id.*

The defendant now moves for early termination of his supervised release. *See* Doc. 29. In the motion, the defendant states he has complied with all conditions of supervision, incurred no violations, adhered to reporting requirements, maintained stable employments and abided by the terms and conditions set forth by the Court. *Id.* The defendant advises that he "was hired directly as an employee in 2026" and

that "travel restrictions associated with supervised release . . . limit his ability to pursue advancement within the company." *Id.*

The undersigned spoke with the defendant's supervising U.S. Probation Officer concerning the defendant's progress on supervised release and that office's position on the defendant's request for early termination. Officer Keith of the U.S. Probation Office advised that the defendant has maintained a stable residence and employment, has had no problems and has made timely and complete restitution payments. Officer Keith advised the defendant has a remaining balance of $131,386.87. Ultimately, due to the remaining restitution balance Officer Keith advised that the U.S. Probation Office does not take a position on the defendant's request for early termination of supervised release.

## II. MEMORANDUM OF LAW

The government does not oppose the early termination of the defendant's supervised release under the circumstances here based on consultation with the defendant's U.S. Probation Officer. Under 18 U.S.C. § 3583(e)(1):

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

Before modifying a defendant's supervised release, "a court must consider many of the statutory factors as enumerated in 18 U.S.C. § 3553(a)," including "deterrence, public safety, rehabilitation, proportionality, and consistency." *United States v.*

*Etheridge*, 999 F. Supp. 2d 192, 194 (D.D.C. 2013) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). Additionally, the plain language of the statute dictates that "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

Within the Eleventh Circuit, district courts have found that "early termination of a period of supervised release is only occasionally justified, such as when a defendant exhibits exceptionally good behavior." *United States v. Cadavid*, No. 8:17-cr-267-VMC-MAP, 2022 WL 1805148, at *2 (M.D. Fla. June 1, 2022) (citations omitted). One such Middle District of Florida case where early termination of supervised release was granted is *United States v. Jerry*, No. 3:07-cr-233-J-33TEM, 2014 WL 4285430 (M.D. Fla. Aug. 28, 2014). There, the defendant was sentenced to 70 months' imprisonment followed by 4 years' supervised release for his involvement in a cocaine conspiracy. *Id.* at *1. After the defendant completed 26 months of the 48-month term of supervised release, he moved for early termination based on the fact he had "been very compliant" on supervised release. *Id.* In considering the defendant's motion, the court noted:

> In this case, after conferring with Defendant's Probation Officer, the Court determines that it is appropriate to terminate Defendant's term of supervised release. As aptly noted by the Government, Defendant enjoys full time employment as a vehicle dealer and 'all urinalyses for controlled substances have been negative.' . . . Defendant's Probation Officer does not object to early termination of supervision and commented that Defendant has abided by all conditions of supervision and lives in a stable home with his fiancé and son. In addition, Defendant completed the 500

> RDAP Program while in prison and he scored a low probability of any further substance abuse issues on his SASSI test.

*Id.* Accordingly, the court exercised its discretion and terminated his supervised release, cautioning that he must abide by all laws and stay out of trouble. *Id.*

Here, the defendant has completed approximately 2 years of his 3-year term of supervised release. According to the U.S. Probation Office, while on supervised release, the defendant has maintained a stable residence and stable employment, complied with the terms of his supervision, and made timely and consistent restitution payments. Beyond that, the defendant states in his motion that he has made career advancements and seeks further opportunities within his company to better his life. Doc.29.

Due to the defendant having a remaining restitution balance of $131,386.87, the U.S. Probation Office takes no position as to the defendant's early termination.

After considering the defendant's conduct while on supervised release as outlined in his motion, the positive input from the defendant's U.S. Probation Officer regarding his conduct on supervised release, and the relevant § 3553(a) factors, the government does not oppose the defendant's request for early termination of supervised release.

## III. CONCLUSION

For the foregoing reasons, the United States does not oppose the defendant's *pro se* motion for early termination of supervised release, Doc. 29.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Stephanie A. McNeff*
STEPHANIE A. MCNEFF
Assistant United States Attorney
Florida Bar No. 1003060
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Stephanie.mcNeff@usdoj.gov

**U.S. v. JOHN MCCOY** **Case No. 6:24-cr-154-JA-LHP**

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2026, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant:

John McCoy
*Pro Se* Defendant
730 Pelican Ct.
Kissimmee, FL 34759

*/s/ Stephanie A. McNeff*
STEPHANIE A. MCNEFF
Assistant United States Attorney
Florida Bar No. 1003060
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Stephanie.mcNeff@usdoj.gov